IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREENLAND ASSET MANAGEMENT CORPORATION** and **PEACE ASSET MANAGEMENT CORPORATION**, | Case No. 3:24-cv-531-YY |
| Plaintiffs, | **ORDER** |
| v. | |
| **TRANSFER ONLINE, INC.**, | |
| Defendant. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation ("F&R") in this case on October 3, 2024. Judge You recommended that this Court grant Defendant's motion to dismiss. Judge You noted that Plaintiffs had not requested leave to amend or specified how Plaintiffs might amend their complaint to cure the deficiencies identified by Defendant, although Judge You did not expressly recommend dismissing without leave to amend.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiffs timely filed an objection, to which Defendant responded. Plaintiffs object to the portions of the F&R finding that Plaintiffs cannot plead a claim under Oregon Revised Statutes ("ORS") § 78.4010 and that Plaintiffs' common law claims for negligence and conversion should be dismissed. Plaintiffs also argue that if the Court grants the motion to dismiss, Plaintiffs should be granted leave to amend their Complaint.[1] For the reasons discussed below, the Court adopts the F&R and grants Defendant's motion to dismiss with leave to amend.

---

[1] It is within the Court's discretion whether to accept new arguments submitted with objections. *See Jones v. Blanas*, 393 F.3d 918, 935 (9th Cir. 2004) (discussing the district court's discretion to consider new arguments raised in objections). The Court exercises its discretion to accept Plaintiffs' new arguments as to why the Court should allow Plaintiffs leave to amend.

**DISCUSSION**

**A.  ORS § 78.4010 Claim**

Plaintiffs argue that they have adequately stated a claim for relief under ORS § 78.4010 and object to several conclusions in the F&R. ORS § 78.4010 requires that "[i]f a certificated security in registered form is presented to an issuer with a request to register transfer or an instruction is presented to an issuer with a request to register transfer of an uncertificated security, the issuer shall register the transfer as requested if" seven preconditions are met.

**1.  Consent Requirement**

First, Plaintiffs argue that "a requirement that the purchaser provides an opinion of counsel satisfactory to the company is not equivalent to requiring the consent of that company." This objection seems to address the F&R's conclusion that a precondition under ORS § 78.4010(1)(e)—that "the transfer does not violate any restriction on transfer imposed by the issuer"—was not met because Plaintiffs' shares were subject to a transfer restriction. Although Plaintiffs themselves allege in their Complaint that their shares are subject to restrictions on transfer, Plaintiffs argue in their objections that their share agreements only require an opinion of counsel before transfer.

The agreements through which Greenland Asset Management Corporation ("Greenland") acquired its stock[2] state that the stocks may only be transferred (1) pursuant to a registration statement filed under the Securities Act; (2) pursuant to an exemption from registration under Rule 144; or (3) pursuant to any other available exemption. Plaintiffs did not allege that any of these conditions were met such that the shares could be transferred. The agreements further state

---

[2] The Complaint is unclear whether Peace Asset Management Corporation's ("PAM") shares are subject to the same subscription agreement as Greenland, but in Plaintiffs' objections, they state that the shares issued to PAM were under the same restriction. *See* ECF 25 at 12.

that if any transfer is proposed to be made, Plaintiffs *may* be required to submit an opinion of counsel to the issuer. Nowhere does the contract state, however, that an opinion of counsel is an alternative to the requirement that transfers may only be made under the three specified conditions. Instead, these requirements are cumulative; the stocks may only be transferred if one of the three conditions is met, and Plaintiffs may be required to submit an opinion of counsel to support a proposed transfer. Thus, the Court adopts the F&R with respect to its conclusion on the transfer restriction under ORS § 78.4010(1)(e).

### 2. Actual Knowledge Under ORS § 78.2040

Plaintiffs next argue that they did not have actual knowledge of the restriction on the transfer of its stocks, as required by ORS § 78.2040. The F&R notes that Plaintiffs did not dispute in their response to the motion to dismiss that the restrictions on their shares satisfied ORS § 78.2040. Plaintiffs contest this in their objections, citing a one-sentence section in their response titled, "Transfer Online never provided any copy of the restrictive legend, so it has failed the notice requirement." Plaintiffs, however, provided copies of the stock purchase agreements with their Complaint, which clearly include the restriction on transfer. *See, e.g.*, ECF 1-1 at 4 ("It acknowledges and agrees the certificates evidencing the Unites, the Shares, the Warrants and the Rights shall bear a restrictive legend . . . in form and substance as set forth in Section 4 hereof, prohibiting the offer, sale, pledge or transfer of the securities, except (1) pursuant to an effective registration statement covering these securities under the Securities Act or (ii) pursuant to any other exemptions from the registration requirements under the Securities Act and such laws which, in the opinion of counsel for the Company, is available."). This objection therefore lacks merit.

PAGE 4 – ORDER

### 3. Caselaw Interpreting Federal Rules

Third, Plaintiffs argue that two of the cases that the F&R relied on involved federal law, not state law. Plaintiffs summarize the caselaw, but do not articulate an error with the F&R. Defendant responds that the F&R expressly stated that these cases were not "directly applicable" to this case, but their reasoning was helpful. The Court agrees that the F&R did not err in considering these two cases as persuasive authority.

### 4. Contract Interpretation

Plaintiffs' final argument about ORS § 78.4010 is a hodgepodge: they argue that Plaintiffs did not consent to the restrictions and that the provisions do not require the issuer's express consent; Plaintiffs then turn to contract interpretation. Plaintiffs also summarize numerous cases that are not relevant to their ORS § 78.4010 claim. For example, Plaintiffs cite a case where the restriction explicitly provided that shares could not be transferred until *either* they were registered or the issuer received a satisfactory opinion of counsel, *New Enterprises Ltd. v. SenesTech, Inc.*, 2018 WL 6313193 (D. Ariz. Dec. 3, 2018), unlike the agreement here, where the requirements are not disjunctive.

The Court has reviewed *de novo* the F&R, as well as Plaintiffs' objections and Defendant's response. The Court agrees with Judge You's reasoning regarding Plaintiffs' failure to state a violation of ORS § 78.4010 and adopts those portions of the F&R.

## B. Oregon Common Law Claims

Plaintiffs also object to the F&R's recommendation regarding their common law claims, arguing that Article 8 of the Uniform Commercial Code does not bar common law claims. Defendant correctly responds that the F&R did not analyze or determine whether Article 8 displaces Oregon common law claims for negligence or conversion; instead, the F&R held that Plaintiffs failed to state their claim for negligence *per se* because they failed to plead a violation

of ORS § 78.4010. As noted, the Court adopts the F&R's finding that Plaintiffs have failed to plead a violation of ORS § 78.4010, and therefore they have not stated a claim for negligence *per se*.

Plaintiffs do not object to the portion of the F&R finding that Plaintiffs have not stated a claim for conversion because Plaintiffs have not alleged that Defendant interfered with their right to sell the shares. The Court reviews portions of an F&R to which no objections are filed for clear error, and, finding none, adopts this recommendation.

**C.  Economic Loss Rule**

Plaintiffs argue that the economic loss rule does not bar a negligence claim arising out of an independent duty to a plaintiff. This argument is puzzling, as the F&R never discussed the economic loss rule, and Plaintiffs argued in their response to the motion to dismiss only that the violation of ORS § 78.4010 supported a claim of negligence *per se*. As discussed, the Court adopts the F&R's finding that Plaintiffs have failed to state a violation of ORS § 78.4010 and therefore have also failed to plead a negligence claim.

**D.  Leave to Amend**

Finally, Plaintiffs argue that if Defendant's motion to dismiss is granted, Plaintiffs should be granted leave to amend despite not requesting leave to amend in their response brief. Plaintiffs contend that they would add more specific allegations if given leave to amend. Defendant responds that Plaintiffs do not offer facts that would be added to an amended complaint.

The Court first notes that the F&R did not explicitly recommend that Plaintiffs' claims be granted without leave to amend. *See* ECF 23 at 2 n.1 ("Plaintiffs did not request leave to amend, nor provide any indication as to how they might amend the complaint to fix any of the alleged deficiencies defendant identified through its motion."). Further, under Rule 15(a) of the Federal Rules of Civil Procedure, courts should "freely" grant leave to amend "when justice so requires,"

*i.e.*, absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). A court should grant leave to amend "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation marks omitted).

Defendant argues that leave to amend should not be granted because it would be futile. Defendant does not allege undue delay, bad faith, dilatory motive, or undue prejudice. Nor have Plaintiffs demonstrated a repeated failure to cure deficiencies; they have not yet filed any amended complaints. At this time, the Court cannot conclude that the pleading could not possibly be cured by the allegation of additional facts. The Court therefore grants leave to amend.

## CONCLUSION

The Court ADOPTS the Findings and Recommendation (ECF 23) and GRANTS Defendant's motion to dismiss (ECF 14). If Plaintiffs believe they can cure the deficiencies in their Complaint identified in this Order, they may file an amended complaint within two weeks from the date of this Order.

**IT IS SO ORDERED**.

DATED this 26th day of November, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge